UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LOUIS CHARLES ARBEE, II,<br><br>Petitioner,<br><br>v.<br><br>ALAN HERNANDEZ, Warden, et al.,<br><br>Respondents. | Civil No. 12cv1891-MMA (BGS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S AMENDED PETITION** |
|---|---|

**I. INTRODUCTION**

Louis Charles Arbee (herein "Petitioner"), a state prisoner proceeding *pro se*, filed a First Amended Petition for a Writ of Habeas Corpus (herein "Amended Petition") pursuant to 28 U.S.C. § 2254 on August 29, 2012. (Doc. No. 5.[1]) On October 22, 2012, Respondent filed a motion to dismiss, contending that Petitioner failed to fully exhaust his claims and consequently was procedurally barred. (Doc. No. 7-1.) On November 21, 2012, Petitioner filed his response in opposition to Respondent's motion to dismiss. (Doc. No. 9.)

This Court has considered the Amended Petition, Respondent's motion to dismiss, Petitioner's opposition to Respondent's motion to dismiss, and all other documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Respondent's motion to

---

[1] For consistency and ease, the Court will reference Petitioner's and Respondent's filed documents by their court-generated page numbers.

dismiss be **GRANTED**.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The Amended Petition challenges the results of a disciplinary hearing conducted at Calipatria State Prison on March 4, 2011.[2] (Doc. No. 5. at 1.) Specifically, Petitioner challenges (1) a prison rules violation report ("RVR") finding him in violation of Title 15 of the California Code of Regulations section 3005(d)(1) "Battery with a Weapon of Physical Force Causing Mortal or Serious Injury/Rape," and (2) the resulting 360 day time credit forfeiture. (*Id*. at 6, 43.) Petitioner claims that he was denied procedural due process by the admittance of fabricated evidence and the exclusion of all exculpatory evidence, which resulted in prison officials finding him guilty of the charged offense. (*Id*. at 4, 6.) In terms of relief, Petitioner seeks dismissal of the RVR. (*Id.* at 6.)

Petitioner unsuccessfully challenged the RVR by filing an administrative appeal at his institution of incarceration. (Lodg. 2.) On March 21, 2011, the administrative appeal was rejected for lack of necessary supporting documents. (*Id.*) Petitioner was "advised that [he] cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in ..." Title 15 of the California Code of Regulations section 3084.6(a). (*Id.*) That is, Petitioner was provided 30 days to resubmit the administrative appeal with proper supporting documents, but he failed to do so.

Subsequently, Petitioner filed three[3] petitions for writ of habeas corpus in state court. First, on May 19, 2011, Petitioner filed a petition in the Imperial County Superior Court, but the petition was denied on July 1, 2011 because "Petitioner has provided no evidence that he timely appealed the administrative finding ... [and] [b]efore relief may be obtained on petition for writ of habeas

---

[2]  To be clear, since said disciplinary hearing, Petitioner has been transferred to and currently resides at R.J. Donovan Correctional Facility.

[3]  For clarity, prior to the disciplinary hearing on March 4, 2011 and Petitioner's appeal following that decision, Petitioner filed two petitions for writ of habeas corpus in state court. First, on October 18, 2010, Petitioner filed a petition in the Imperial County Superior Court, but the petition was denied on November 22, 2010 "[b]ecause the matter has not been heard, no discipline has taken place and there is nothing to appeal." (Lodg. 1.) Second, on February 7, 2011, Petitioner filed a petition with the California Court of Appeal, (Lodg. 5,) but the petition was denied on March 30, 2011 because Petitioner failed to provide a sufficient record to assess the merits of his contentions, namely whether he was arrested and thus eligible for a statement of factual innocense pursuant to California Penal Code section 851.8. (Lodg. 6.)

corpus, a petitioner must demonstrate exhaustion of available administrative remedies." (Lodg. 4 at 1-2.) Second, on August 17, 2011, Petitioner filed a petition with the California Court of Appeal, (Lodg. 7,) but the petition was denied "for failing to demonstrate administrative remedies have been exhausted and that petitioner has properly pursued relief in the superior court in the first instance." (Lodg. 8.) Third, on September 29, 2011, Petitioner filed a petition with the California Supreme Court, but the petition was summarily denied on February 15, 2012. (Lodg. 9.)

## III. STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## IV. DISCUSSION

Respondent's motion to dismiss argues that the Amended Petition should be dismissed because Petitioner's "challenge to his disciplinary action [(i.e. the RVR)] has been procedurally defaulted, since the state court denied his claim as a result of his failure to exhaust his administrative remedies." (Doc. No. 7-1 at 2.) Petitioner contends that the RVR appeal was screened out because "prison officials were and are willingly participating in a collusion," and as such, exhaustion is not necessary. (Doc. No. 9 at 2-3.) For the reasons set forth below, the Court agrees with Respondent that the Amended Petition is procedurally barred and should be dismissed on that ground. Moreover, even if the state procedural bar does not apply here, the Court further recommends that the Amended Petition be dismissed for lack of exhaustion.

### A.  Procedural Default

"The procedural default doctrine 'bar[s] federal habeas [review] when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state

grounds doctrine, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Walker v. Martin*, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 558 U.S. ⎯⎯, ⎯⎯, 130 S.Ct. 612, 615 (2009)); *see also Coleman*, 501 U.S. at 729; *Bean*, 96 F.3d at 1129; *Hill v. Roe*, 298 F.3d 796, 798 (9th Cir. 2002); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).

The Ninth Circuit has explained that "'[f]or a state procedural rule to be "independent," the state law grounds for the decision must not be interwoven with federal law.'" *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (quoting *LaCrosse,* 244 F.3d at 704 citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). "'A state law ground is so interwoven if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed."'" *Id.* (quoting *Park*, 202 F.3d at 1152 and *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

For a state procedural rule to be adequate, "the state law ground for the decision must be well-established and consistently applied." *Bennett*, 322 F.3d at 583 (citing *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999)); *Townsend v. Knowles*, 562 F.3d 1200, 1207 (9th Cir. 2009). Additionally, the state procedural rule must be "clear ... and well-established at the time of the petitioner's purported default." *Bean*, 96 F.3d at 1129 (quoting *Wells*, 28 F.3d at 1010); *see also Fields* v. *Calderon*, 125 F.3d at 757, 760-62 (9th Cir. 1997) (stating that the state procedural rule must be firmly established, regularly followed, and consistently applied to be adequate (citing *Ford v. Georgia*, 498 U.S. 411 (1991))).

The Ninth Circuit has held that because procedural default is an affirmative defense, the respondent must first have "adequately pled the existence of an independent and adequate state procedural ground...." *Bennett*, 322 F.3d at 586. Once the defense is placed at issue, the burden shifts to the petitioner, who must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure...." *Id.* The "ultimate burden" of proving procedural default, however, belongs to the state. *Id.* If the state meets this burden, federal review of the claim is

foreclosed unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In this case, the Court finds that Petitioner's claims are procedurally barred because: (1) Petitioner failed to meet the state's procedural requirement (i.e. failure to exhaust administrative remedies), (2) the state's procedural requirement is independent, (3) the state's procedural requirement is adequate, and (4) Respondent met its burden of proving procedural default and Petitioner has failed to adequately respond.

First, the California state courts declined to address Petitioner's federal claims because he failed to meet the state's procedural requirement to exhaust administrative remedies. For federal courts to determine whether a state procedural ruling bars federal review, they look to the last reasoned opinion on the claim by the state court. *Lambright v. Stewart*, 241 F.3d 1201, 1205 (9th Cir. 2001); *see also Cannedy v. Adams*, –– F.3d––, No. 09-56902 (9th Cir. Feb. 7, 2013) (holding federal habeas court should "look through" California's Supreme Court's silent denial of ineffective assistance of counsel claim to a lower court's reasoned opinion); *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). As such, although the California Supreme Court summarily denied Petitioner's petition, (Lodg. 9), the Imperial County Superior Court and California Court of Appeal clearly indicated that each petition was denied because Petitioner failed to demonstrate he exhausted administrative remedies. (*See* Lodg. 4) ("Petitioner has provided no evidence that he timely appealed the administrative finding .... Before relief may be obtained on petition for writ of habeas corpus, a petitioner must demonstrate exhaustion of available administrative remedies."); (Lodg. 8) (Petition denied "for failing to demonstrate administrative remedies have been exhausted and that [P]etitioner has properly pursued relief in the superior court in the first instance.")

Second, it is firmly established that California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. *See Carter v. Giurbino*, 385 F.3d 1194, 1197-98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal

law."); *McCullock v. Woodward*, 2007 WL 2318105 at *4 (E.D. Cal. Aug. 10, 2007) (finding that *Dexter*, which held inmates will not be granted judicial relief without first exhausting available administrative remedies, "is solely based on state law and is therefore independent of federal law." (citing *In re Dexter*, 25 Cal.3d 921, 925 (1979))).

Third, California's administrative exhaustion rule is firmly established and has been regularly followed since 1941, rendering it adequate to support a judgment. *See McCann v. Hill*, 2011 WL 6750056 at *3 (E.D. Cal. Dec. 11, 2011) (citing *In re Muszalski*, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); *Abelleira v. District Court of Appeal*, 17 Cal. 2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); *Drake v. Adams*, 2009 WL 2474826 at *2 (E.D. Cal. Aug.11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied.")).

Fourth, Respondent has met his burden to prove procedural default and Petitioner has failed to adequately respond. As described above, Respondent has shown that the California courts "adequately pled the existence of an independent and adequate state procedural ground...." *Bennett*, 322 F.3d at 586. (*See* Lodg. 4) ("Petitioner has provided no evidence that he timely appealed the administrative finding ... [b]efore relief may be obtained on petition for writ of habeas corpus, a petitioner must demonstrate exhaustion of available administrative remedies."); (Lodg. 8) (Petition was denied "for failing to demonstrate administrative remedies have been exhausted and that petitioner has properly pursued relief in the superior court in the first instance." Further, Petitioner has failed to "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure...." *Bennett*, 322 F.3d at 586. And, Petitioner failed to establish cause and prejudice sufficient to excuse the default; his claim that his appeal was frustrated because "prison officials were and are willingly participating in a collusion," is not credible given the record before this

Court. (*See* Doc. No. 9 at 2-3.) Plaintiff offers nothing more than his bare statement that the appeal was only screened out because of prison officials' collusion. (*Id.*)

In sum, the Court concludes that the procedural default doctrine is met, and thus, federal review is barred. As such, the Court recommends that the motion to dismiss be **GRANTED**.

### B.     Lack of Exhaustion

A federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims." *See McCann*, 2011 WL 6750056 at *2 (citing *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court—that is, 'exhaust' them—before seeking relief in federal court."); *Farmer v. Baldwin*, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.")).

A petitioner meets the exhaustion requirement by presenting to the highest state court all his federal claims before presenting those claims to the federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). The California Supreme Court has held it will not reach the merits of a petitioner's claim unless he has exhausted available administrative remedies. *Dexter*, 25 Cal.3d at 925. Consequently, when the California Supreme Court dismisses a petition for failure to exhaust administrative remedies, it is clear that the state court has not been given the required fair opportunity to correct the constitutional violation, and thus, federal review is barred until such an opportunity is satisfied. *See McCann*, 2011 WL 6750056 at *2 (citing *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974); *Johnson v. Harrington*, 2011 WL 1807219 at *2 (E.D. Cal. May 11, 2011) ("Petitioner failed to exhaust his claims because the California Supreme Court did not reach the merits of the claims, but instead denied the habeas petition for failure to exhaust administrative remedies."); *Mimms v. Galaza*, 2009 WL 652835 at *1 (E.D. Cal. Mar. 12, 2009) (holding the merits of the petition could not be considered because the

petitioner failed to exhaust his administrative remedies before presenting his petition to the California Supreme Court)).

In the instant case, the Court finds Petitioner's claims are unexhausted because he has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). As addressed above, using the "look through" doctrine, the California Supreme Court denied Petitioner's state habeas petition for failure to exhaust administrative remedies. As such, Petitioner has not fairly presented his claims to the state's highest court as required to provide California courts the opportunity to reach the merits of the Amended Petition. Accordingly, Petitioner's failure to exhaust his administrative remedies provides the Court with a second basis to dismiss the Amended Petition. Thus, the Court also recommends that the motion to dismiss be **GRANTED** for failure to exhaust administrative remedies.

## V.  CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1). Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss the petition be GRANTED;

2. The Amended Petition be DISMISSED without leave to amend; and

3. The court DECLINE to issue a certificate of appealability.

**IT IS ORDERED** that no later than **April 8, 2013** after receiving a copy this Report & Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **14** days of being served with the objections.

**IT IS SO ORDERED.**

DATED: March 8, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge